UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

BARBARA A. GAGER,                              :

                Plaintiff,           :   **REPORT AND RECOMMENDATION**

   -against-                                  :   **TO THE HONORABLE DEBORAH A. BATTS**[*]

                                                                 :

R. JAMES NICHOLSON, SECRETARY        04 Civ. 3410 (DAB)(FM)
OF VETERAN AFFAIRS,                            :

                Defendant.         :

------------------------------------------------------------x

**FRANK MAAS**, United States Magistrate Judge.

I.    Introduction

       This is a pro se employment discrimination action brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq., by Barbara A. Gager ("Gager"), who formerly was employed as a probationary police officer by the United States Department of Veterans Affairs ("DVA"). The Secretary of the DVA has moved for an order dismissing the complaint pursuant to Rules 12(b)(1) and 12(b)(6), or, in the alternative, granting him summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[1] As set forth in greater detail below, this motion should be

---

[*]     This Report and Recommendation was prepared with the assistance of Matthew Fleischman, a summer intern in my Chambers who is a rising junior at Washington University.

[1]     When this action was commenced, Gager named Anthony J. Principi as the defendant. Since R. James Nicholson is now the DVA Secretary, the Court has substituted him as the defendant in accordance with Fed. R. Civ. P. 25(d)(1).

granted because Gager failed to commence her action within the time period mandated by Title VII and is ineligible to invoke the doctrine of equitable tolling.

II.   Facts

Gager commenced her employment as a DVA probationary police officer on December 3, 2001. (Compl. Ex. C (Mem. dated June 7, 2002, from Gager to John Buffa)).[2] The DVA terminated that temporary appointment effective September 4, 2002, pursuant to a letter which cited Gager's alleged failure to pass a physical fitness test. (Id. Ex. I (Letter dated Aug. 20, 2002, from Human Resources Officer Ronald Gutierrez to Gager)). In her complaint, Gager alleges that, between these two dates, she was subjected to harassment on the basis of her gender and race. (Gager is a Black female). (Compl. ¶¶ 7-8). Gager further alleges that the DVA and its employees retaliated against her after she complained about the conduct of several male employees. (Id. ¶ 8). Finally, Gager claims that the DVA had no effective policies in place to prevent such misconduct. (Id.).

On July 18, 2002, approximately one month before she was notified of her termination, Gager filed a formal administrative complaint with the DVA, in which she alleged that she was the victim of discrimination. (Compl. Ex. A at 1-2). In response, the DVA Office of Resolution Management conducted an investigation. (See id. at 2). At the conclusion of that investigation, the DVA notified Gager that she could "request either a hearing and decision by an EEOC administrative judge, with a subsequent final

---

[2]   The exhibits annexed to the complaint filed by Gager are not numbered. For ease of reference, I have labeled them as Exhibits A through I.

action by the [DVA], or an immediate final decision by the [DVA] without a hearing." (Id. at 1). After Gager failed to respond, her complaint was referred to the DVA Office of Employment Discrimination Complaint Adjudication ("OEDCA"). (Id.).

On October 14, 2003, the Director of the OEDCA, acting on behalf of the DVA, issued a Final Agency Decision which concluded that Gager had failed to establish her claims. (Id. at 24). The last three pages of that Decision advised Gager that she had a right to appeal to the EEOC or could file a civil action in the appropriate district court

> within 90 days of receipt of this final decision <u>if no appeal to EEOC has been filed</u>; or
>
> within 90 days after receipt of the EEOC's final decision on appeal;
>
> or after 180 days from the date of filing an appeal with the EEOC if there has been no final decision by the [EEOC].

(Id. at 25) (emphasis in original).

Gager did not file an appeal with the EEOC. (See Affirm. of Barbara A. Gager, dated Feb. 24, 2005, at 1; Decl. of Deborah K. McCallum, dated Jan. 3, 2005, ¶ 5). Instead, she commenced this action in March 2004. (See Docket No. 2 (Compl.) at 1). Her complaint, which is dated March 5, 2004, was received by the Pro Se Office of this Court that same day, and later was filed on May 4, 2004. (Id. at 1, 5).

By order dated May 4, 2004, Chief Judge Mukasey directed Gager to "show cause why the instant action should not be dismissed for failure to file a timely lawsuit after receipt of the right-to-sue notice." (Docket No. 3 (Order dated May 4, 2004) at 2).

3

Gager filed a responsive affirmation on July 1, 2004, in which she relied on a series of unfortunate family events, including the deaths of a step-sister on September 3, and her step-mother on October 3, 2003. (Docket No. 4 at 1). Gager also alleged that after these deaths, she was informed that some "undesirables who were claiming to be family members" had moved into her 87-year old father's home in Florida, which required her to spend time there from approximately October 20, 2003, until January 1, 2004. (Id.). Upon her return, Gager's father, who suffers from Alzheimer's Disease and other ailments, wandered away from his residence in Manhattan.[3] (Id. Ex. C (Missing/ Unidentified Person Report dated Jan. 1, 2004)). Gager contends that as a result of all of these events, she was overwhelmed and "lost[] all sense of time and dates." (Docket No. 4 at 2).[4]

---

[3] He apparently was located by the following month since he began attending a congregate care program at that time. (Id. Ex. G).

[4] In opposition to the Secretary's motion, Gager also has submitted two affirmations, dated February 24 and March 31, 2005. (Docket Nos. 13, 15). Both affirmations contend that Gager should be permitted to proceed because her case has merit, but neither addresses the reasons that she delayed filing suit, which is the only issue presently before this Court. (See id.).

III. Discussion

   A. Standard of Review

      1. Rule 12(b)(1), (6)

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must accept as true all factual allegations made in the complaint and draw all reasonable inferences in favor of the plaintiff. See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993); Harris v. City of New York, 186 F.3d 243, 247 (2d Cir. 1999); Bolt Elec., Inc. v. City of New York, 53 F.3d 465, 469 (2d Cir. 1995). The court may grant the motion only when "it appears beyond doubt . . . that the plaintiff can prove no set of facts [in support of his claim] which would entitle him to relief." Sec. Investor Prot. Corp. v. BDO Seidman, LLP, 222 F.3d 63, 68 (2d Cir. 2000) (quoting Jaghory v. New York State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997)).

These same standards apply to a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). Sweet v. Sheahan, 235 F.3d 80, 83 (2d Cir. 2000). Moreover, under both Rules 12(b)(1) and 12(b)(6), when a defendant seeks dismissal based on a lack of subject matter jurisdiction, the court is not limited to the face of the complaint; rather, it may consider evidence outside the pleadings. See Phifer v. City of New York, 289 F.3d 49, 55 (2d Cir. 2002); Robinson v. Gov't of Malaysia, 269 F.3d 133, 140-41 (2d Cir. 2001); Kamen v. Am. Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir.

5

1986). Ultimately, the plaintiff has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists to hear the plaintiff's claims. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000); Malik v Meissner, 82 F.3d 560, 562 (2d Cir. 1996).

2. Summary Judgment

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In deciding a motion for summary judgment, a court must "view the evidence in the light most favorable to the party against whom summary judgment is sought and . . . draw all permissible inferences in favor of that party." Fischl v. Armitage, 128 F.3d 50, 55 (2d Cir. 1997). The court also must accept as true the non-moving party's evidence, if supported by affidavits or other evidentiary material. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Assessments of credibility, choosing between conflicting versions of the events, and the weighing of evidence are matters for the jury, not the court. Id. Thus, "[t]he court's function is not to resolve disputed issues of fact but only to determine whether there is a genuine issue of material fact to be tried." Fischl, 128 F.3d at 55; see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

To defeat a motion for summary judgment, the nonmoving party cannot merely rely upon allegations contained in the pleadings that raise no more than "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, the nonmoving party must offer "concrete evidence from which a reasonable juror could return a verdict in his favor." Anderson, 477 U.S. at 256. In that regard, Local Civil Rule 56.1(c) provides that the material facts set forth in a movant's statement of material facts "will be deemed admitted unless controverted by the statement required to be served by the opposing party."

B.  Statute of Limitations

The exclusive remedy available to a federal employee seeking to redress discrimination on the basis of race, sex or national origin is Title VII. Brown v. Gen. Serv. Admin., 425 U.S. 820, 828-33, (1976); Boyd v. United States Postal Serv., 752 F.2d 410, 413-14 (9th Cir. 1985). The procedures that a federal employee must follow to exhaust such a Title VII claim are somewhat different, however, than those applicable to other complainants. As Judge Jones has explained, a federal employee

> must first consult a counselor at the agency's EEO office within 45 days of the alleged discriminatory act. See 29 C.F.R. § 1614.105(a)(1). If the matter is not resolved after a mandatory counseling period, the employee may then file a formal written administrative complaint with the EEO Office of the appropriate agency within 15 days of the employee's receipt of the notice of the right to file. See 29 C.F.R. § 1614.106(a)-(b).

7

> After timely filing a formal administrative complaint, the employee is then authorized to file a civil action in federal court (i) <u>within 90 days of receiving notice of a final administrative decision</u>, or (ii) after 180 days from the date of filing the administrative complaint, if no administrative decision has been issued. See 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.408(a)-(b). Alternatively, a Title VII claimant may, but is not required to, appeal the agency decision to the EEOC. If a claimant pursues such an appeal, he or she must file a civil suit in federal court within 90 days of the EEOC decision, or within 180 days after the filing of the appeal if the EEOC has not issued a final decision by that time. See 29 C.F.R. § 1614.408(c)- (d).

Martin v. Reno, No. 96 Civ. 7646 (BSJ), 1999 WL 527932, at *2 (S.D.N.Y. July 22, 1999) (emphasis added; footnote deleted).

Here, because Gager did not pursue an EEOC appeal, she had only ninety days from her receipt of the Final Agency Decision, dated October 14, 2003, in which to file her federal court suit. 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.408(a)-(b). Although Gager has not indicated precisely when she actually received the Decision, it is reasonable to assume – and Gager has not denied – that it was delivered to her by the United States Postal Service before her departure for Florida on or about October 20, 2003.[5] See, e.g., Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 148 n.1 (1984) (EEOC right-to-sue letter presumed received three days after issuance based on Fed. R. Civ. P. 6(e); Vera v. Cushman & Wakefield, Inc., 320 F. Supp. 2d 114, 118 & n.15

---

[5] The government argues that Gager received the Final Agency Decision on October 14, 2003 because that is what her complaint indicates (See Def.'s R. 56.1 Stmt. ¶ 4 (citing Compl. ¶ 12)). Inasmuch as Gager was terminated more than one month earlier, it seems unlikely that she received the decision the same day it was issued.

(S.D.N.Y. 2004) (right-to-sue letter presumed received three days after mailing absent evidence to the contrary); see also Matsibekker v. Heckler, 738 F. 2d 79, 81 (2d Cir. 1984) (noting presumption under 20 C.F.R. § 422.210(c) that notices from the Social Security Administration are received within five days of the date thereon). Nevertheless, Gager did not commence this action until March 5, 2004, more than 135 days after her receipt of the Decision that started the running of the limitations clock.

As a sovereign, the United States is immune from suit unless it unequivocally has expressed its consent to be sued. United States v. Testan, 424 U.S. 392, 399 (1976). Here, that consent was contingent upon compliance with the filing requirements of Title VII. Irwin v. Dep't of Veteran Affairs, 498 U.S. 89, 94 (1990). The Supreme Court has cautioned that such gate-keeping procedural requirements "are not to be disregarded by courts out of a vague sympathy for particular litigants." Baldwin County, 466 U.S. at 152. Consequently, "strict adherence" to the Title VII statute of limitations is necessary. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 108 (2002).

Notwithstanding these admonitions, equitable tolling may be invoked when, "because of some action on the defendant's part, the complainant was unaware that the cause of action existed, . . . or . . . the plaintiff knew of the existence of [her] cause of action, but the defendant's conduct caused [her] to delay in bringing [her] suit." Smith v. Henderson, 137 F. Supp. 2d 313, 318 (S.D.N.Y. 2001) (internal quotation marks and

9

citations omitted); see also Curtis v. Radioshack Corp., 190 F. Supp. 2d 587, 590 (S.D.N.Y. 2002) ("Equitable tolling is appropriate only when a court or agency of the government has misled the plaintiff to believe to his detriment that he or she has done everything required."). Equitable tolling also may apply in the unusual circumstance where a plaintiff has timely pursued her judicial remedies, but the complaint proves to be defective. Irwin, 498 U.S. at 96.

In this case, there is no allegation that the Department of Veteran Affairs or any of its employees engaged in any misconduct that caused Gager to misapprehend her right to bring a timely federal suit. Additionally, even if the deaths in Gager's family and the difficulties with her father provided some justification for delay, there is no suggestion that her father was missing for more than two months after her return from Florida. Accordingly, while her personal circumstances may have been difficult, it clearly was not impossible for her to have met the statutory filing deadline. Equitable tolling is therefore unwarranted. See South v. Saab Cars, USA, Inc., 28 F.3d 9, 12 (2d Cir. 1994) ("[A] plaintiffs failure to act diligently is not a reason to invoke equitable tolling.").

IV.     Conclusion

For the forgoing reasons, the motion of the defendant Secretary of Veteran Affairs to dismiss the complaint in this action as untimely should be granted.

V.  **Notice of Procedure for Filing of Objections to this Report and Recommendation**

The parties are hereby directed that if they have any objections to this Report and Recommendation, they must, within ten (10) days from today, make them in writing, file them with the Clerk of the Court, and send copies to the chambers of the Honorable Deborah A. Batts, United States District Judge, and to the chambers of the undersigned, at the United States Courthouse, 500 Pearl Street, New York, NY 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72(b). Any requests for an extension of time for filing objections must be directed to Judge Batts. Any failure to file timely objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72(b).

Dated:   New York, New York
         July 11, 2005

_____
                FRANK MAAS
        United States Magistrate Judge

Copies to:

Hon. Deborah A. Batts
United States District Judge

Barbara Gager
1809 7th Avenue, Apt. 2B
New York, New York 10026-3609

Kristin L. Vasallo
Assistant United States Attorney
Office of the United States Attorney
for the Southern District of New York
86 Chambers Street
New York, New York 10007
212-637-2730 (fax)