```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
BARBARA A. GAGER,
                    Plaintiff,
                                        04 Civ. 3410 (DAB)
     -against-                          ADOPTION OF
                                        REPORT & RECOMMENDATION
R. JAMES NICHOLSON,
     Secretary of Veteran Affairs

                    Defendant.
---------------------------------X
```

DEBORAH A. BATTS, United States District Judge.

On July 11, 2005, United States Magistrate Judge Frank Maas issued a Report and Recommendation ("Report"), recommending that Defendant's motion to dismiss Plaintiff's complaint for untimeliness be granted. (Report at 10.) Pursuant to 28 U.S.C. § 636(b)(1)(c), "[w]ithin ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations." 28 U.S.C. § 636(b)(1)(c); see also Fed. R. Civ. P. 72(b) (stating that "[w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations"). Where no timely objection has been made, "a district court need only satisfy itself there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). After conducting the appropriate level of review, the Court may then accept, reject, or modify, in whole or

in part, the findings or recommendations made by the Magistrate. 28 U.S.C. § 636(b)(1)(c); see also Local Civil Rule 72.1(d). Plaintiff has raised three objections ("Objections") to Judge Maas' Report. The Court therefore will review the objected-to portions of the Report de novo.

The facts in this matter are largely set forth in the Report and unless relevant will not be reiterated here.

## I. DISCUSSION

A.   Plaintiff Was Not Informed of Substituted Defendant

Plaintiff first objects to the dismissal of her Complaint because she was never informed that R. James Nicholson would be substituted as the defendant. (Plaintiff's Affirmation objecting to the Report and Recommendation, dated Aug. 15, 2005 ("Pl. Obj."), at 1.) According to Rule 25(d)(1) of the Federal Rules of Civil Procedure, "when a public officer is a party to an action in his official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party." A lack of familiarity with this rule does not shield Plaintiff's complaint from dismissal. Accordingly, Plaintiff's first objection is without merit.

B.   Plaintiff Disputes Date of Termination

Plaintiff's second objection is that the Report incorrectly states her termination date as September 4, 2002. (Pl. Obj. at 1.) Plaintiff alleges that her termination date was on June 17, 2002. (Id.) However, this factual dispute is immaterial as to whether she filed a timely lawsuit after receipt of the EEOC's final decision letter. Accordingly, Plaintiff's second objection to the Report is without merit.

C.   Plaintiff Seeks Equitable Tolling

Plaintiff's third objection is that Judge Maas should have recommended tolling the time between Plaintiff's receipt of the final EEOC decision and her filing of this case. This objection also fails.

EEOC rendered its final decision on October 14, 2003. Although Plaintiff was on notice that she had 90 days to appeal the EEOC decision, she did not deliver her Complaint to the Pro Se Office until March 5, 2004. The Complaint was filed formally with the Clerk of Court on May 4, 2004.

"Equitable tolling is generally considered appropriate 'where the plaintiff actively pursued judicial remedies but filed a defective pleading during the specified time period'; where plaintiff was unaware of his or her cause of action due to

misleading conduct of the defendant; or where a plaintiff's medical condition or mental impairment prevented her from proceeding in a timely fashion." Zerilli-Edelglass v. New York City Transit Authority, 333 F.3d 74, 80-81 (2d Cir. 2003) (citing Brown v. Parkchester S. Condos., 287 F.3d 58, 60 (2d Cir. 2002) and Miller v. Int'l Tel. & Tel. Corp., 755 F.2d 20, 24 (2d Cir. 1985)). Application of the doctrine is "highly case-specific," and the "burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff." Boos v. Runyon, 201 F.3d 178, 184-85 (2d Cir. 2000). A district court must consider whether the plaintiff both "acted with reasonable diligence during the time period she seeks to have tolled" and "proved that circumstances are so extraordinary that the doctrine should apply." Zerilli-Edelglass v. New York City Transit Authority, 333 F.3d 74, 80-81 (2d Cir. 2003) (quoting Chapman v. ChoiceCare Long Island Term Disability Plan, 288 F.3d 506, 512 (2d Cir. 2002)).

Plaintiff does not argue that either of the first two Zerilli-Edelglass circumstances apply to her case, i.e., that she filed her complaint incorrectly or that Defendant misled her. Instead, she claims that a mental impairment caused her delay. Specifically, she claims that due to her stepsister's death on September 3, 2003 and her stepmother's death on October 3, 2003,

4

she became "so overwhelmed that [she] lost all sense of time and dates". (Report at 3-4.) She also states that she was distressed while spending time in Florida between October 20, 2003 and January 1, 2004 with her father who suffers from Alzheimer's Disease.[1] (Report at 4.) In her Objections, she notes that her father's having gone missing for a second time in March 2004 was an additional tribulation. (Pl.'s Obj. at 2.)

But these circumstances do not satisfy Plaintiff's substantial burden. First, losing a sense of dates and times because of the death of loved ones does not automatically amount to a mental impairment. Although she was ordered to show cause on May 4, 2004 why her case should not be dismissed as untimely, and although she was notified pursuant to Local Rule 56.2 that Defendant was seeking to convert his 12(b)(6) motion into a Motion for Summary Judgment, Plaintiff has offered no proof, medical or otherwise, that her condition amounted to a mental impairment.

Second, even were her condition a mental impairment, it was not sufficiently "extraordinary" to warrant equitable tolling. She offers only the conclusory allegation that her family circumstances overwhelmed her so significantly that she lost all

---

[1] Plaintiff does not explain why more than two months passed between her return from Florida and the date that she delivered her Complaint to the Pro Se Office.

5

sense of dates and times. She has offered no evidence that her circumstances rendered her unable to comprehend her legal rights or to coordinate her personal affairs. Cf. Pauling v. Sec'y of Dept. of Interior, 960 F. Supp. 793, 804 n.6 (S.D.N.Y. 1997) (tolling not warranted despite plaintiff's major depressive episode because nothing on the record indicated that plaintiff was too ill to comprehend his legal rights); Speiser v. U.S. Dept. Of Health & Human Servs., 670 F. Supp. 380, 384-85 (tolling not warranted where plaintiff with mental illness was still able to handle everyday affairs). But cf. Tsai v. Rockefeller Univ., 137 F. Supp. 2d 276, 282-83 (S.D.N.Y. 2001) (plaintiff's allegations about her own post-traumatic stress disorder and suicidal ideation were sufficient to defeat a motion to dismiss).

Plaintiff's having coordinated her travels to Florida indicates that she was capable of organizing her personal affairs. Moreover, Plaintiff initiated her lawsuit in the same month that her father went missing for the second time, so while difficult, it was clearly possible for her to manage her legal affairs even under such circumstances.

Accordingly, Plaintiff's argument for equitable tolling is without merit.[2]

---

[2] To the extent that Plaintiff also is arguing that the statute of limitations should be equitably tolled because her case is meritorious, that argument is irrelevant. Because

## II. CONCLUSION

ORDERED AND ADJUDGED as follows: the Report and Recommendation of United States Magistrate Judge Frank Maas, dated July 11, 2005, is APPROVED, ADOPTED, and RATIFIED by the Court in its entirety.

Accordingly, Defendant's motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) is hereby GRANTED.

The Clerk of the Court is DIRECTED TO CLOSE this case and remove it from the docket.

SO ORDERED.

Dated:   New York, New York
         December 11, 2006

                                    Deborah A. Batts
                                    United States District Judge

---

equitable tolling is limited to circumstances in which the plaintiff is "prevented in some extraordinary way" from filing a timely lawsuit, an argument on the merits of the case does not justify excusing the filing deadline. The procedural requirements in Title VII cases "are not to be disregarded by courts out of a vague sympathy for particular litigants." Baldwin Co. Welcome Ctr. V. Brown, 466 U.S. 147, 152 (1984). See also Walker v. Rubenstein, 2005 WL 1906256, at *3 (S.D.W. Va. Aug. 10, 2005) (holding that "petitioner's rhetorical pleas about the significance of his potentially barred claims do nothing to further his case, because such factors are irrelevant to equitable tolling").